Timothy J. Lawliss, Esq. Informal Opinion Town Attorney No. 97-11 Town of Beekmantown 162 Margaret Street Plattsburgh, N Y 12901-1838
Dear Mr. Lawliss:
You have asked whether a town may pass a local law requiring that the town attorney be a resident of the county, rather than a resident of the town.
In responding to your inquiry, we start with Town Law provisions which provide that the town board of any town may establish the office of town attorney. Town Law § 20(2)(a). Every appointive officer of a town at the time of his or her appointment and throughout his or her term of office must be an elector of the town. Id., § 23(1). An elector of the town is a resident of the town who is eligible to register to vote in town elections. Id.In towns having no resident attorney, however, the town attorney need not be an elector of the town. Id.
You have informed us that there are resident attorneys in the Town of Beekmantown. Therefore, Town Law § 23(1) may not be used to authorize the appointment of a person to the office of town attorney who is not a resident of the Town of Beekmantown.
We next note that section 3(1) of the Public Officers Law establishes qualifications for holding public office and includes a requirement that a person holding a local appointed office reside within the locality at the time of his or her appointment and during his or her tenure in office. See also, Public Officers Law § 30(1)(d). The town attorney is a public officer. Town Law § 20(2)(a). We note also that if a town abolishes the office of town attorney or has not established that office, the town board may retain an attorney to perform specific legal services on a contract basis. Id., § 20(2)(b). In these circumstances, the attorney would be an independent contractor and would not be required to be a town resident. 1988 Op Atty Gen (Inf) 49.
You have indicated that your town has established the office of town attorney and your inquiry is whether the town board may enact a local law broadening the required residency for this office from the town to the county in which the town is located. In our view, your town may enact such a local law. Local governments are authorized to adopt and amend local laws, consistent with the Constitution and general State laws, in relation to the qualifications of their officers and employees. N Y Const, Art IX, § 2(c)(1); Municipal Home Rule Law §10(1)(ii)(a)(1). Residency requirements are qualifications within the meaning of these provisions. 1983 Op Atty Gen (Inf) 116.
For home rule purposes, a "general law" is a State statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages. Municipal Home Rule Law § 2(5). It is thus significant that the Legislature has amended section 3 of the Public Officers Law to establish a special residency requirement for any appointed public officer in the Town of Greenburgh. Public Officers Law §3(24) (first subset). An appointed public officer in the Town of Greenburgh now may reside anywhere in the State of New York. This exception for the Town of Greenburgh has rendered section 3 of the Public Officers Law, in its coverage of appointed town officers, a special, rather than a general law. In establishing residency requirements for appointed town officers, section 3 no longer applies in terms and in effect alike to all towns of the State.
Under home rule authority, since section 3 no longer is a general law with respect to the residency of appointed town officers, any other town may enact a local law inconsistent with its provisions establishing a residency for an appointed town office at least as broad as the residency established for appointed officers of the Town of Greenburgh.
Therefore, your town may enact a local law establishing the county in which the town is located as the required residency for the town attorney. We have applied this reasoning in several prior opinions of this office. Op Atty Gen (Inf) Nos. 91-37; 89-14; 88-27; 87-32. In adopting a local law changing or superseding any State statute, the local legislative body should keep in mind that it is required to specify the provision it intends to change or supersede. Municipal Home Rule Law § 22(1); Kamhi v. Town of Yorktown, 74 N.Y.2d 423 (1989).
We note that section 23 of the Town Law, which again establishes a residency requirement for the town attorney, also may be superseded by local law. Municipal Home Rule Law § 10(1)(ii)(d)(3). Under the Municipal Home Rule Law § 10 grant of authority, any town may supersede a provision of the Town Law when acting within the scope of its home rule authority. As indicated above, the grant of home rule powers extends to the establishment of qualifications for town offices, including residency requirements.
We conclude that a town by local law may broaden the required residency for the town attorney to the county in which the town is located.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions